ness of Baker's utterance cannot reasonably be disputed, some further finding by the trial court related to the intention or effect of Baker's statement would have been warranted, beyond the mere conclusion that his speech was a voluntary act, prior to the imposition of a sanction reaching to the maximum available penalty. *See* 23 Pa.C.S. § 6113–14(b)(establishing the maximum period of incarceration for indirect criminal contempt for violation of a protection order as six months). Absent such finding, an appellate court is simply unable to judge whether the punishment of incarceration imposed was reasonably commensurate with the gravity of the offense and an exercise of the least oppressive sanction necessary to redress the violation.

Chief Justice FLAHERTY joins this concurring opinion.

■

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Douglas Paul WRIGHT, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2000.

Decided Feb. 20, 2001.

ing with the conventional situation in which the judiciary interprets and applies the laws as established by a legislative body. In this sense, the judiciary is itself a subject of the affront by the contemnor and is necessarily in the position of vindicating its own authority. *United Mine Workers of America v. Bagwell,* 512 U.S. 821, 840, 114 S.Ct. 2552, 2563, 129 L.Ed.2d 642 (1994). In light of such concerns, the United States Supreme Court has indicated that courts are obliged to employ

James Richard Robinson, for D. Wright.

Stuart B. Suss, West Chester, for Commonwealth.

Before: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

### *ORDER*

PER CURIAM:

Appeal dismissed as having been improvidently granted.

■

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee,**

v.

**WILKINSBURG PENN JOINT WATER AUTHORITY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 12, 2000.

Decided Feb. 20, 2001.

" 'the least possible power adequate to the end proposed.' " *Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 632, 107 L.Ed.2d 644 (1990) (citation omitted). The courts have also emphasized the necessity for parameters upon the exercise of contempt powers and of adequate procedural safeguards. *See, e.g., Crozer–Chester Med. Center v. Moran,* 522 Pa. 124, 135–36, 560 A.2d 133, 139 (1989). *See generally Bagwell,* 512 U.S. at 838, 114 S.Ct. at 2563.

Michael J. McShea, Pittsburgh, Ray F. Middleman, Wexford, for Wilkinsburg Penn Authority.

Steven I. Roth, Harrisburg, for Department of Transportation.

Before: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, SAYLOR, JJ.

### ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

Justice NEWMAN did not participate in the consideration or decision of this case.

**In the Matter of Dennis J. IULO.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2000.
Decided Feb. 20, 2001.